O’Donnell, J.,
dissenting.
{¶ 40} Respectfully, I dissent.
{¶ 41} This case concerns whether Cuyahoga County should bear the cost to repair the Old Rockside Road Bridge, which is located on Old Rockside Road, formerly a county road that the county vacated in 1967.
{¶ 42} In my view, based on the facts of this case, Cuyahoga County should not be required to pay for repairs to the bridge.

Facts and Procedural History

{¶ 43} On June 22, 1967, the Board of County Commissioners of Cuyahoga County vacated Old Rockside Road as a county road and adopted the county engineer’s recommendation to leave the roadway as a municipal street. Inde *135 pendenee has admitted that it has borne the responsibility for maintaining that road since the county vacated it.
{¶ 44} On December 2, 2010, upon the request of the Cuyahoga County prosecutor, the board adopted a resolution determining that “Old Rockside Road, located in the City of Independence and Village of Valley View, is not a road of general and public utility * * * as that term is used in Ohio Revised Code Sections 5591.02 and 5591.21.”
{¶ 45} The city of Independence appealed that decision to the Cuyahoga County Court of Common Pleas, and that court reversed the board’s decision, stating:
The court reviewed the briefs and the record and finds that the decision of the Cuyahoga County Board of Commissioners was unreasonable and arbitrary [and] therefore reverses the board’s decision. The Old Rockside Road Bridge is found to be a bridge of “general and public utility” as it lies between the two municipalities and is therefore not within the municipal corporation as required by O.R.C. 723.01 and O.R.C. 5591. The court finds that Cuyahoga County is responsible for the repair and maintenance of the Old Rockside Road Bridge.
(Emphasis added.)
{¶ 46} The board and Cuyahoga County appealed to the Eighth District Court of Appeals, which affirmed the judgment of the court of common pleas. 8th Dist. Cuyahoga No. 97167, 2013-Ohio-1336, 2013 WL 1384880, ¶ 37. The Office of the Cuyahoga County Executive, the board’s successor, appealed to this court, and we granted discretionary review. 136 Ohio St.3d 1509, 2013-Ohio-4657, 995 N.E.2d 1212.

Law and Analysis

{¶ 47} R.C. 723.01 requires that a municipal corporation, i.e., a city or village, see R.C. 703.01(A), have the care, supervision, and control of bridges within its municipal boundaries. See R.C. 723.01 (“Except as provided in section 5501.49 of the Revised Code [bridges on a state highway in a municipal corporation], the legislative authority of a municipal corporation shall have the care, supervision, and control of the * * * bridges * * * within the municipal corporation”).
{¶ 48} By way of comparison, R.C. 5591.02 requires a board of county commissioners to “construct and keep in repair all necessary bridges in municipal corporations on all county roads and improved roads that are of general and public utility, running into or through the municipal corporations, and that are not on state highways.” And, pursuant to R.C. 5591.21, subject to an exception *136 not relevant here, a board of county commissioners also is required to “construct and keep in repair necessary bridges over streams and public canals on or connecting state, county, and improved roads.”
{¶ 49} The issue before the common pleas court focused on the board’s determination that Old Rockside Road — not Old Rockside Road Bridge — is not a road of general and public utility. However, the court rendered judgment regarding the bridge, not the road. It therefore abused its discretion. See Doe v. Natl. Bd. of Med. Examiners, 199 F.3d 146, 154 (3d Cir.1999) (“A court abuses its discretion when its ruling is founded on an error of law or a misapplication of law to the facts”).
{¶ 50} The court of appeals also misidentifíed the pertinent issue when it stated that the “issue in this case * * * is whether the trial court’s decision that the bridge is one of general and public utility is supported by a preponderance of reliable, probative, and substantial evidence.” (Emphasis added.) 2013-Ohio-1336, 2013 WL 1384880, ¶ 14.
{¶ 51} In Kisil v. Sandusky, 12 Ohio St.3d 30, 34, 465 N.E.2d 848 (1984), we stated that in an appeal pursuant to R.C. 2506.04, such an appeal “requires [the court of appeals] to affirm the common pleas court, unless the court of appeals finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence.” We also stated,
[R.C. 2506.04] grants a more limited power to the court of appeals to review the judgment of the common pleas court only on “questions of law,” which does not include the same extensive power to weigh “the preponderance of substantial, reliable and probative evidence,” as is granted to the common pleas court. Within the ambit of “questions of law” for appellate court review would be abuse of discretion by the common pleas court.
Id. at fn. 4.
{¶ 52} In this case, a preponderance of reliable, probative, and substantial evidence supports the board’s decision that Old Rockside Road is not a road of general and public utility. See Webster’s Third New International Dictionary 944 (1993) (defining “general” as “applicable or relevant to the whole rather than to a limited part, group, or section”); Black’s Law Dictionary 1422, 1779 (10th Ed.2014) (defining “public” as “[o]pen or available for all to use, share, or enjoy” and “utility” as the “quality of serving some function that benefits society; meritoriousness”).
*137 Taft, Stettinius & Hollister, L.L.P., and Gregory J. O’Brien, Independence Law Director, and Thomas J. Lee and Jennifer Orr, for appellee.
Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and Brian R. Gutkoski and David G. Lambert, Assistant Prosecuting Attorneys, for appellant.
Thomas L. Sherman, urging reversal for amicus curiae, County Engineers Association of Ohio.
{¶ 53} Specifically, the record discloses that in 1967, in support of a recommendation to vacate Old Rockside Road, the chief deputy to the county engineer informed the board that “[subsequent to the relocation of Rockside Road * * * it has been determined that the portion of Old Rockside Road between the above captioned limits is no longer an essential part of the County-wide road network nor is it anticipated that this section of the old road will be included in any plans in the foreseeable future.”
{¶ 54} The record further discloses that the results of an August 2010 traffic study of Old Rockside Bridge showed that the total two-way traffic that went over the bridge in a 24-hour period consisted of 1,666 vehicles on the first day and 1,780 vehicles on the second day, while the average daily traffic on the new Rockside Road Bridge was 24,300 vehicles.
{¶ 55} While the area near Old Rockside Road may have changed since 1967 and Old Rockside Road may be important to businesses that abut that roadway and that are located on streets that connect with it, these businesses constitute a limited part, group, or section when compared with the whole of the local surrounding area.
{¶ 56} Thus, the board’s determination that Old Rockside Road is not a road of general and public utility is supported by the record.
{¶ 57} Notably, the board in its 2010 resolution did not render any decision regarding Old Rockside Road Bridge. Therefore, the issue of responsibility for repairs to the bridge is not properly before this court.
{¶ 58} Accordingly, I would reverse the judgment of the court of appeals and uphold the decision of the Board of County Commissioners that Old Rockside Road is not a road of general and public utility.